382 P.2d 206

**LABCO CONSTRUCTION COMPANY,
Plaintiff and Appellant,**

v.

**Chandler CALDWELL and Galen Ross,
Defendants and Respondents.**

No. 9781.

Supreme Court of Utah.

May 28, 1963.

Golden W. Robbins, Salt Lake City, Hellerstein & Hellerstein and William F. Schenkein, Denver, Colo., for appellant.

Jimi Mitsunaga, Salt Lake City, for respondents.

HENRIOD, Chief Justice.

Interlocutory appeal from a dismissal with prejudice as to defendant Ross and a denial of motion for modification of such order, all at the pretrial level. Affirmed, with costs to Ross.

The subject of this case is a construction contract. The complaint alleged that Caldwell and Ross, an attorney, were partners and agreed in writing to pay plaintiff for remodeling a cafe, and that there was a default in payment. A contract was signed by Caldwell as Vice-President of Exotic Coffees, Inc., in August, 1959, before incorporation, which was effected in December, 1959. Ross was named President in the articles but in discovery procedure denied any partnership relation.

In April, 1962, Labco's attorney served and filed a "notice of Readiness for Trial," in which he stated he had interviewed all witnesses, that all exhibits were available, that the case was at issue, and that all examinations and depositions felt necessary had been concluded. As a result of these statements, pretrial was set for September 14, 1962, five months after such notice.

At the pretrial, it became obvious that Labco's counsel had not interviewed his witnesses, and the trial court, upon request of counsel to give him a chance "to write over to Denver and get the man who is going to testify" as to the partnership, poignantly observed that "If you haven't got any evidence on it, I'm not going to put it down as an issue," and dismissed as to Ross. A lot of put and take interrogatories had evolved, during which Ross' denial of a partnership relationship never was refuted except for a couple of belated affidavits filed after the dismissal, that proved to contain but legal conclusions. As a matter of fact, at the pretrial hearing, provoked at the instance of plaintiff, its counsel freely admitted that "I have not talked to the witnesses, but I have relied upon the attorney in Denver to get the information and send it to me."

For this Court to reverse the trial court under such circumstances would deify a mockery of our rules and pretrial procedure.

To the plea that unless this Court reverses the trial court, a trial will be necessary (which will be the case anyway, as to Caldwell) and plaintiff will have to appeal as to Ross, and if successful, will then have to have another trial as to Ross with the expense of bringing witnesses in anew, Ross faces the same possibility and perhaps as much expense.

McDONOUGH, CALLISTER and WADE, JJ., concur.

CROCKETT, Justice (concurring).

I concur in affirming the judgment. The contract as drawn and executed purported to bind only Exotic Coffees, Inc., a corporation. The trial court could justifiably conclude that no justiciable issue was raised as to personal liability of Mr. Ross.